UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHRIS D. BLACK | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-414 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Chris D. Black has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Black was born in 1961 and was 42 years old at the time of his most recent administrative hearing.[1] [Tr. 339]. He completed seventh grade and has no relevant past work experience. [Tr. 14, 339]. Mr. Black alleges he is disabled as of August 17, 1999, from headaches, dizziness, blindness in his right eye, double vision, high blood pressure, nervousness, and high cholesterol. [Tr. 14]. Based upon a finding

---

[1] Mr. Black originally filed an application for supplemental security income in September 1999, and that application was denied in August 2001. [Tr. 13]. Mr. Black's most recent application was filed in October 2001. [Tr. 64-77].

that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Black was not disabled as defined by the Social Security Act. [Tr. 16].

At Mr. Black's administrative hearing held on September 16, 2003, the testimony of Mr. Black and vocational expert Dr. James Flynn was received into evidence. [Tr. 339-52]. Mr. Black testified he has been unable to work since 1999 when he was involved in a four-wheeler accident. [Tr. 342]. The four-wheeler flipped onto his face, causing him to lose his right eye. [*Id.*]. Since then, he has had difficulties with headaches, sleeping, dizzy spells, anxiety attacks, and with his memory and attention to detail. [Tr. 342, 344, 345].

Vocational expert Dr. Flynn testified next at the request of Mr. Black's attorney. [Tr. 351-52]. Dr. Flynn was asked to assume a person of Mr. Black's age, education, and relevant work experience who would be limited to light or sedentary exertion with a lack of full vision and who should avoid excessive stress, vibration, and frequent overhead motions. [Tr. 351]. Such a person also would have a poor ability to read and write, could not handle frequent contact with the general public, and was limited to simple job instructions. [*Id.*]. According to the vocational expert, all jobs would be precluded for such a person. [Tr. 352].

The ALJ ruled that Mr. Black was not disabled because his severe impairments

2

Case 2:04-cv-00414   Document 22   Filed 11/02/05   Page 2 of 8   PageID #: 2

of headaches, dizziness, blindness in his right eye, double vision, high blood pressure, nervousness, and high cholesterol were severe but not severe enough for a finding a disability. [Tr. 16]. The ALJ then found, based upon the previous ALJ's decision, that Mr. Black remained capable of performing work at either a sedentary and/or light level of exertion. [Tr. 17]. The ALJ indicated Mr. Black could work as a hand packer, hand sander, cushion stuffer, bottle sorter, gasket inspector, hand filer, bottling line attendant, cleaner of electronic components, and packager of small parts. [Tr. 22].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Black requests summary judgment and challenges the ALJ's finding that

3

there was other work in the national economy that he could perform. In his previous decision, the ALJ found that Mr. Black could perform light or sedentary work despite a lack of full vision and a poor ability to read and write. [Tr. 39]. He should also avoid jobs with excessive stress, vibration, frequent overhead motions, and frequent contact with the general public. [*Id*.]. Mr. Black was able to work as a hand packer, hand sander, cushion stuffer, bottle sorter, gasket inspector, oil filter assembler, hand filer, bottling line attendant, cleaner of electronic components, and packager of small parts. [*Id*.]. The current ALJ determined, based upon the medical evidence and Mr. Black's testimony and demeanor at his administrative hearing, that the prior ALJ's RFC finding and job finding were correct. [Tr. 20].

Under the precedent of *Drummond v. Commissioner*, 126 F.3d 837, 842-43 (6th Cir. 1997), the ALJ's determination was correct. *Drummond* held that an ALJ cannot make less restrictive the residual functional capacity [RFC] finding of a previous ALJ *unless* new and material evidence or changed circumstances support a different finding. [Tr. 16-17]. Although Mr. Black claims his circumstances have changed, the medical record before this court does not bear out that contention.

Mr. Black also argues the ALJ erred in failing to receive the testimony of a vocational expert. A vocational expert did testify at Mr. Black's second hearing, but only because Mr. Black's attorney called him to the stand. [Tr. 351]. The ALJ

4

indicated he was not going to call a vocational expert because he planned to rely upon the ALJ's finding in Mr. Black's previous filing that there was no past relevant work. [Tr. 350]. Again, the ALJ cited *Drummond*, 126 F.3d at 842-43. Because this court agreed above with the ALJ's assessment that neither new and material evidence nor changed circumstances existed, this court must also support the ALJ's RFC finding and his decision that it was unnecessary to call a vocational expert to testify.

Next, Mr. Black claims the ALJ erred in failing to find that his depression, anxiety, and panic attacks were severe impairments. The ALJ noted that Mr. Black had made significant progress with his mental impairments after medication and individual therapy. [Tr. 20]. In addition, a state agency medical consultant found that Mr. Black was no more than mildly to moderately impaired in the psychological and/or emotional realm. [Tr. 20]. In addition, the ALJ found that Mr. Black failed to meet the revised medical criteria for evaluating mental disorders, pursuant to Section 12.04 (Affective Disorders). [Tr. 19]. In light of the above, the ALJ based his mental health determinations on substantial evidence.

Lastly, Mr. Black claims the ALJ failed to give the proper weight to the opinion of his treating physician, Dr. Alan Megibow. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th

5

Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

Dr. Megibow completed a Medical Assessment of Ability to do Work-Related Activities (Mental) on Mr. Black in August 2003. [Tr. 296-97]. In the doctor's opinion, Mr. Black had good abilities to follow work rules and function independently. [Tr. 296]. His abilities to relate to co-workers, use judgment with the public, interact with supervisors, and maintain attention and concentration were fair. [*Id.*]. And, he had poor or no abilities to deal with the public and deal with work stresses. [*Id.*]. To support his findings, the doctor stated that Mr. Black was being treated for chronic anxiety and depression and that his response to medication was erratic. [*Id.*]. Dr. Megibow also stated Mr. Black had poor or no ability to understand, remember, and carry out job instructions, a fair ability to understand, remember, and carry out detailed, but not complex, job instructions, and a good ability to understand, remember, and carry out simple job instructions. [Tr. 297]. For support, the doctor again cited Mr. Black's anxiety. Finally, Dr. Megibow indicated Mr. Black had a good ability to maintain his personal appearance, poor or no ability to behave in an emotionally stable manner, and a fair ability to relate predictably in social situations. [*Id.*]. Again, anxiety was cited in support of the limitations. [*Id.*].

6

The ALJ found that these limitations appeared "to be inconsistent with" Dr. Megibow's progress notes and Mr. Black's Global Assessment of Functioning [GAF] scores. [Tr. 19].

Dr. Megibow was primarily Mr. Black's link to medication, not to therapy or psychological evaluations. Mr. Black apparently attended therapy sessions at the same time Dr. Megibow was prescribing him medication, but the medical record before this court does not contain any records of that therapy. Dr. Megibow's notes indicate several times that he thought Mr. Black was improving and stabilizing. [Tr. 190, 266, 300, 301, 303, 305]. These treatment notes do not support Dr. Megibow's extreme psychological limitations.

In addition, Dr. Megibow's limitations are at odds with the other mental health evidence in the medical record. For instance, Mr. Black was found to be able to interact appropriately with co-workers, make basic job-related decisions, and identify and avoid safety hazards. [Tr. 215]. A psychiatrist found Mr. Black was able to perform simple tasks and could adequately perform detailed tasks. [Tr. 231]. The psychiatrist also found that Mr. Black could work an entire work-week, relate to the public adequately, and adapt to routine changes. [Tr. 233]. Because Dr. Megibow's limitations were at odds with his own medical notes and the opinions of other professionals, the ALJ had substantial evidence to discount the doctor's opinions.

After careful consideration of the entire record of proceedings related to this case, Mr. Black's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE